after two years from the birth of the bastard child: *Provided*, the time any person accused shall be absent from the State shall not be computed," a finding and judgment of conviction *held* not erroneous, where there was evidence sufficient to prove prima facie that defendant was absent from the State for a period sufficient to prevent the statute from being available in defense, and where defendant offered no evidence to contradict or rebut such prima facie proof.

---

## Liberty & Company, Defendant in Error, v. The Almini Company, Plaintiff in Error.

## Gen. No. 20,506.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

## Statement of the Case.

Action by Liberty & Company, a corporation, plaintiff, against the Almini Company, a corporation, defendant, in the Municipal Court of Chicago, to recover for merchandise sold and delivered. That there was an agreement as to the amount of the claim was denied only by Stewart, the president of defendant company. Aside from that it was clear that on the amount agreed upon by Stewart as due, defendant paid the sum of $400 twice, and the balance of the sum due is the amount of the judgment. Defendant sent a letter transmitting a check of $400 on account saying that the check was sent as promised. One Voorhees testified that there was an agreement as to the amount due and an agreement of Stewart to pay the same. In an account appearing in the claim of plaintiff and in some amendments thereto the amounts were stated in francs and centimes, but the American equivalents for the French money were also stated. To reverse a

judgment for plaintiff for $246.65, defendant prosecutes this writ of error.

GEORGE W. WILBUR, for plaintiff in error.

HOYNE, O'CONNOR & IRWIN, for defendant in error; CARL J. APPELL and HEYMANN F. TUCKER, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 597*—*how far succeeding corporation liable for predecessor's debts.* The liability of defendant corporation for the obligations of a former corporation which it succeeded and the relations of individuals thereto, *held* to have been settled in *Quinlan v. Almini Co.*, 191 Ill. App. 568.

2. PLEADING, § 1*—*when use of foreign words immaterial.* In an action to recover for goods sold and delivered, where it appears that an account contained in plaintiff's pleadings stated the amount due plaintiff in terms of francs and centimes is not an infraction of the constitutional requirement that all court proceedings shall be in the English language, notwithstanding the fact that such statement would be a statement of French money, for the reason that defendant could not have been misled thereby, especially where the same pleading also shows the American equivalent for such French money, and where it does not appear that the statement of such equivalent was incorrect.

3. SALES, § 329*—*when evidence sustains recovery.* In an action to recover for goods sold and delivered, evidence examined and a finding and judgment for plaintiff *held* sustained by the evidence.

---

### Louis Friedman, Defendant in Error, v. Schreiber Brothers Company, Plaintiff in Error.
### Gen. No. 20,538.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 6, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.